CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 3 2008

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JEROME V. PHILLIPS, | ) |
| | ) Civil Action No. 5:07CV00098 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Jerome V. Phillips, was born on February 2, 1946 and eventually completed the ninth grade in school. Mr. Phillips also received vocational training as an automobile mechanic. He served in the United States Marines. Plaintiff worked as a self-employed building contractor. Mr. Phillips last worked on a regular and sustained basis in 2000. On September 8, 2005, plaintiff filed an application for a period of disability and disability insurance benefits. Mr. Phillips alleged that he became disabled for all forms of substantial gainful employment on January 1, 2000 due to

bad eyesight, diabetes, high blood pressure, and bad right knee. Plaintiff now maintains that he has remained disabled to the present time. The record reveals that Mr. Phillips met the insured status requirements of the Act through the fourth quarter of 2002 but not thereafter. See gen., 42 U.S.C. § 423. Consequently, plaintiff is entitled to a period of disability and disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before December 31, 2002. See gen., 42 U.S.C. § 423.

Mr. Phillips' application was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated November 22, 2006, the Law Judge also determined that Mr. Phillips was not disabled at any time on or before the date of termination of insured status. The Law Judge found that, during the relevant period, Mr. Phillips suffered from amblyopia, diabetes, high blood pressure, and right knee pain. The Law Judge held that, despite these impairments, plaintiff did not suffer from a severe impairment within the meaning of 20 C.F.R. § 404.1521 at any time on or before December 31, 2002. Accordingly, the Law Judge ultimately concluded that Mr. Phillips was not disabled at any time on or before the termination of his insured status, and that he is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(c). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Phillips has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such
2

an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

Under the Administrative Regulations, there is a five-step sequential evaluation process for determining whether a claimant is disabled. If a claimant is not engaged in substantial gainful activity, it is necessary to determine whether the claimant experiences a severe impairment which significantly limits the physical or mental ability to do basic work activities. Under 20 C.F.R. § 404.1521(b), basic work activities are defined as follows:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
(2) Capacities for seeing, hearing, and speaking;
(3) Understanding, carrying out, and remembering simple instructions;
(4) Use of judgment;
(5) Responding appropriately to supervision, co-workers and usual work situations; and
(6) Dealing with changes in a routine work setting.

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Most of the medical evidence was developed after the termination of plaintiff's insured status. The medical reports generated prior to December 31, 2002 simply do not document the existence of any impairment which could be expected to affect claimant's capacity for work-related activity. Moreover, the later medical reports do not reflect any diagnoses of medical problems which relate back to the period of time in which plaintiff enjoyed insured status. It follows that the final decision of the Commissioner denying benefits on the basis of a finding of no severe impairments is supported by substantial evidence.

3

It seems that prior to the termination of insured status, and for several years thereafter, Mr. Phillips has received treatment for amblyopia, diabetes mellitus, hyperlipidemia, and right knee pain. Plaintiff's vision problems have existed for many years and are relatively well controlled. Likewise, his diabetes and high blood pressure have proven subject to conservative medical maintenance. While Mr. Phillips has not proven quite as successful in controlling his high blood fats, there is no indication that this condition has ever affected plaintiff's capacity for work. In short, plaintiff's only relevant work-related condition prior to the termination of insured status consisted of pain and weakness in his right knee. However, roentgenographic studies have failed to document the existence of any musculoskeletal problem in the right knee which could be expected to affect claimant's capacity for work, or to produce pain of disabling severity. Indeed, it seems that Mr. Phillips has suffered from essentially the same right knee problems for many years, extending back to the period of time in which he was still productively employed. In applying for benefits, plaintiff stated that his right knee pain had affected his physical activities for "years." (TR 74). At the time of the administrative hearing on August 22, 2006, Mr. Phillips testified that he continued to hunt until about 2003, and that he still fishes. (TR 415). The Administrative Law Judge considered the level of plaintiff's activity after December 31, 2002, in assessing the physical impact of plaintiff's knee problems. Given the record developed in this case, the court must conclude that the Law Judge's assessment of the subjective factors is supported by substantial evidence.

On appeal to this court, plaintiff argues that the Administrative Law Judge failed to consider his complaints of disabling knee pain under the standards for the evaluation of "pain" cases established by the United States Court of Appeals for the Fourth Circuit. Stated succinctly, plaintiff argues to the effect that, once a cause for pain is established, the Commissioner must credit a

4

claimant's subjective descriptions of pain and related limitations. However, the court is unable to find fault with the Law Judge's evaluation of Mr. Phillips' subjective complaints. As noted in Craig v. Chater, 76 F.3d 585, 591 (4th Cir. 1996) "subjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." See also Mickles v. Shalala, 29 F.3d 918, 922 (4th Cir. 1994) (Luttig, J., concurring in the judgment). As noted above, all of the objective medical evidence relative to Mr. Phillips' right knee problems has proven negative. Moreover, the Administrative Law Judge considered plaintiff's level of activity prior to the termination of insured status in determining that plaintiff's right knee problems did not constitute a "severe" impairment during this earlier period of time. The court believes that the Law Judge's assessment in this regard is supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 8TH day of August, 2008.

_/s/ Glen E. Conrad_
United States District Judge